UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT L. HUGHES,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>PEOPLE OF CALIFORNIA,<br><br>　　　　Respondent. | 1:06-CV-00714 AWI LJO HC<br><br>ORDER DENYING PETITIONER'S MOTION TO AMEND THE PETITION WITH LEAVE TO RENEW<br>[Doc. #10]<br><br>ORDER DENYING PETITIONER'S MOTION TO APPOINT COUNSEL<br>[Doc. #11] |

　　　Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

　　　Following a preliminary review of the petition, on August 21, 2006, the undersigned granted Petitioner leave to file a motion to amend the petition to name a proper respondent. Petitioner had named the People of California as respondent. Petitioner was advised that under 28 U.S.C. § 2254, he must name the state officer having custody of him as the respondent to the petition, such as the warden of his institution.  Rule 2 (a) of the Rules Governing § 2254 Cases; <u>Ortiz-Sandoval v. Gomez</u>, 81 F.3d 891, 894 (9th Cir. 1996); <u>Stanley v. California Supreme Court</u>, 21 F.3d 359, 360 (9th Cir. 1994).

　　　On September 12, 2006, Petitioner filed a motion to amend the petition to name a proper respondent. Petitioner seeks to name Deputy Attorney General Catherine G. Tennant and Deputy District Attorney Mike Frye as respondents in this matter. Petitioner is advised that these individuals

1  are not appropriate respondents in this matter. Petitioner is again advised that he must name the state
2  officer having custody of him as the respondent to the petition. As previously stated, the person
3  having custody of an incarcerated petitioner is the warden of the prison in which the petitioner is
4  incarcerated because the warden has "day-to-day control over" the petitioner. Brittingham v. United
5  States, 982 F.2d 378, 379 (9th Cir. 1992); see also, Stanley v. California Supreme Court, 21 F.3d
6  359, 360 (9th Cir. 1994). However, the chief officer in charge of state penal institutions is also
7  appropriate. Ortiz, 81 F.3d at 894; Stanley, 21 F.3d at 360.

8       Petitioner's failure to name a proper respondent requires dismissal of his habeas petition for
9  lack of jurisdiction. Stanley, 21 F.3d at 360; Olson v. California Adult Auth., 423 F.2d 1326, 1326
10 (9th Cir. 1970); see also, Billiteri v. United States Bd. Of Parole, 541 F.2d 938, 948 (2nd Cir. 1976).
11 However, the Petitioner will be given one more opportunity to cure the defect by amending the
12 petition to name a proper respondent, such as the warden of his facility.  See West v. Louisiana, 478
13 F.2d 1026, 1029 (5th Cir.1973), *vacated in part on other grounds*, 510 F.2d 363 (5th Cir.1975) (en
14 banc) (allowing petitioner to amend petition to name proper respondent); Ashley v. State of
15 Washington, 394 F.2d 125 (9th Cir. 1968) (same).  Failure to do so will result in a recommendation
16 that the petition be dismissed for lack of jurisdiction.

17      Also on September 12, 2006, Petitioner filed a motion to appoint counsel. There currently
18 exists no absolute right to appointment of counsel in habeas proceedings.  See e.g., Anderson v.
19 Heinze, 258 F.2d 479, 481 (9th Cir.), cert. denied, 358 U.S. 889 (1958); Mitchell v. Wyrick, 727 F.2d
20 773 (8th Cir.), cert. denied, 469 U.S. 823 (1984).  However, Title 18 U.S.C. § 3006A authorizes the
21 appointment of counsel at any stage of the case "if the interests of justice so require."  See Rule 8(c),
22 Rules Governing Section 2254 Cases.  In the present case, the Court does not find that the interests
23 of justice would be served by the appointment of counsel at the present time.  Accordingly,
24 Petitioner's request for appointment of counsel is DENIED without prejudice.
25 ///
26 ///
27 ///
28 ///

# ORDER

Accordingly, Petitioner is GRANTED thirty (30) days from the date of service of this order in which to file a motion to amend the instant petition and name a proper respondent. In addition, Petitioner's motion to appoint counsel is DENIED without prejudice.

IT IS SO ORDERED.

**Dated:   September 14, 2006**            /s/ Lawrence J. O'Neill
b9ed48                                               UNITED STATES MAGISTRATE JUDGE