UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT L. HUGHES,<br><br>            Petitioner,<br><br>    v.<br><br>KEN CLARK, Warden,<br><br>            Respondent. | 1:06-CV-00714 DLB HC<br><br>ORDER GRANTING PETITIONER LEAVE<br>TO WITHDRAW UNEXHAUSTED CLAIMS |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The parties having voluntarily consented to exercise of Magistrate Judge jurisdiction pursuant to 28 U.S.C. § 636(c)(1), by order dated March 7, 2007, this case was assigned to the undersigned for all purposes, including entry of final judgment.

**BACKGROUND[1]**

Petitioner is currently in the custody of the California Department of Corrections pursuant to a judgment of the Superior Court of California, County of Fresno, following his conviction by jury trial on November 24, 2004, of continuous sexual abuse and lewd act with a child. See Lodged Docs.

---

[1] This information is derived from the petition for writ of habeas corpus, Respondent's motion to dismiss the petition, and the lodged documents in support of Respondent's motion to dismiss.

Nos. 1, 2. Petitioner admitted he suffered a prior serious felony conviction. Id. Petitioner was sentenced to serve a total determinate prison term of 32 years. Id.

Petitioner thereafter appealed the conviction. On May 24, 2005, the California Court of Appeal, Fifth Appellate District (hereinafter "5th DCA") affirmed the conviction. See Lodged Doc. No. 2.

Petitioner filed a petition for review with the California Supreme Court on July 5, 2005. See Lodged Doc. No. 3. Review was summarily denied by the California Supreme Court on August 10, 2005. See Lodged Doc. No. 4.

Petitioner then filed two post-conviction collateral challenges in the state courts. On March 16, 2006, he filed a petition for writ of habeas corpus in the Fresno County Superior Court; the petition was denied on April 14, 2006. See Lodged Docs. Nos. 5, 6. On May 17, 2006, he filed a petition for writ of habeas corpus in the 5th DCA; the petition was denied on May 26, 2006. See Lodged Docs. Nos. 7, 8.

On June 8, 2006, Petitioner filed a petition for writ of habeas corpus in this Court. The petition included the following three claims: 1) Petitioner claims he was denied due process and a fair trial when the trial court used the fact of his attempted murder conviction to give him the upper term and then double his sentence under California's Three Strikes law; 2) Petitioner claims he was denied due process and a fair trial because the evidence was insufficient to sustain the conviction; and 3) Petitioner claims his trial counsel rendered ineffective assistance. Following a preliminary review of the petition, on August 21, 2006, the Court granted Petitioner leave to file a motion to amend the petition to name a proper respondent. On October 4, 2006, he filed an amended petition. He named a proper respondent *and* included four new claims: 1) Admission of out of court statements of molest by defendant; 2) Admission of uncharged sex offenses; 3) Prosecutor failed to charge 288(a) and 288.5 as alternative; and 4) The trial judge's imposition of the upper term on count 2 and 3 constituted Blakely error. The Court then directed Respondent to file a response to the amended petition.

On December 26, 2006, Respondent filed a motion to dismiss the petition as a mixed petition containing exhausted and unexhausted claims. Petitioner did not file an opposition.

**DISCUSSION**

A. Procedural Grounds for Motion to Dismiss

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court . . . ." The Advisory Committee Notes to Rule 5 of the Rules Governing § 2254 Cases state that "an alleged failure to exhaust state remedies may be raised by the attorney general, thus avoiding the necessity of a formal answer as to that ground." The Ninth Circuit has referred to a respondent's motion to dismiss on the ground that the petitioner failed to exhaust state remedies as a request for the Court to dismiss under Rule 4 of the Rules Governing § 2254 Cases. See, e.g., O'Bremski v. Maass, 915 F.2d 418, 420 (1991); White v. Lewis, 874 F.2d 599, 602-03 (9th Cir. 1989); Hillery v. Pulley, 533 F.Supp. 1189, 1194 & n.12 (E.D. Cal. 1982). Based on the Rules Governing Section 2254 Cases and case law, the Court will review Respondent's motion for dismissal pursuant to its authority under Rule 4.

B. Exhaustion of State Remedies

A petitioner who is in state custody and wishes to collaterally challenge his conviction by a petition for writ of habeas corpus must exhaust state judicial remedies. 28 U.S.C. § 2254(b)(1). The exhaustion doctrine is based on comity to the state court and gives the state court the initial opportunity to correct the state's alleged constitutional deprivations. Coleman v. Thompson, 501 U.S. 722, 731 (1991); Rose v. Lundy, 455 U.S. 509, 518 (1982); Buffalo v. Sunn, 854 F.2d 1158, 1163 (9th Cir. 1988).

A petitioner can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider each claim before presenting it to the federal court. Duncan v. Henry, 513 U.S. 364, 365 (1995); Picard v. Connor, 404 U.S. 270, 276 (1971); Johnson v. Zenon, 88 F.3d 828, 829 (9th Cir. 1996). A federal court will find that the highest state court was given a full and fair opportunity to hear a claim if the petitioner has presented the highest state court with the claim's factual and legal basis. Duncan, 513 U.S. at 365 (legal basis); Kenney v. Tamayo-Reyes, 504 U.S. 1, 112 S.Ct. 1715, 1719 (1992) (factual basis).

Additionally, the petitioner must have specifically told the state court that he was raising a

federal constitutional claim. Duncan, 513 U.S. at 365-66; Lyons v. Crawford, 232 F.3d 666, 669 (9th Cir.2000), *amended*, 247 F.3d 904 (2001); Hiivala v. Wood, 195 F.3d 1098, 1106 (9th Cir.1999); Keating v. Hood, 133 F.3d 1240, 1241 (9th Cir.1998). In Duncan, the United States Supreme Court reiterated the rule as follows:

> In Picard v. Connor, 404 U.S. 270, 275 . . . (1971), we said that exhaustion of state remedies requires that petitioners "fairly presen[t]" federal claims to the state courts in order to give the State the "'opportunity to pass upon and correct alleged violations of the prisoners' federal rights" (some internal quotation marks omitted). If state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution. If a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court.

Duncan, 513 U.S. at 365-366. The Ninth Circuit examined the rule further, stating:

> Our rule is that a state prisoner has not "fairly presented" (and thus exhausted) his federal claims in state court *unless he specifically indicated to that court that those claims were based on federal law*. See Shumway v. Payne, 223 F.3d 982, 987-88 (9th Cir. 2000). Since the Supreme Court's decision in Duncan, this court has held that the *petitioner must make the federal basis of the claim explicit either by citing federal law or the decisions of federal courts, even if the federal basis is "self-evident*," Gatlin v. Madding, 189 F.3d 882, 889 (9th Cir. 1999) (citing Anderson v. Harless, 459 U.S. 4, 7 . . . (1982), or the underlying claim would be decided under state law on the same considerations that would control resolution of the claim on federal grounds. Hiivala v. Wood, 195 F3d 1098, 1106-07 (9th Cir. 1999); Johnson v. Zenon, 88 F.3d 828, 830-31 (9th Cir. 1996); . . . .
> In Johnson, we explained that the petitioner must alert the state court to the fact that the relevant claim is a federal one without regard to how similar the state and federal standards for reviewing the claim may be or how obvious the violation of federal law is.

Lyons v. Crawford, 232 F.3d 666, 668-669 (9th Cir. 2000) (italics added).

In the amended petition before the Court, Petitioner raises five grounds for relief. Respondent concedes that Ground Five is exhausted; however, Respondent argues that Grounds One, Two, Three and Four have not been presented to the California Supreme Court and are therefore unexhausted. The Court has reviewed the petition for review filed with the California Supreme Court. Grounds One through Four were not presented in said petition for review; thus, they remain unexhausted.

The instant petition is a mixed petition containing exhausted and unexhausted claims. The Court must dismiss a mixed petition without prejudice to give Petitioner an opportunity to exhaust

U.S. District Court
E. D. California      cd                    4

Case 1:06-cv-00714-DLB   Document 30   Filed 03/22/07   Page 5 of 5

the claim if he can do so.  See Rose, 455 U.S. at 521-22.  However, Petitioner will be provided with an opportunity to withdraw the unexhausted claims and go forward with the exhausted claim.

**ORDER**

Accordingly, Petitioner is GRANTED thirty (30) days from the date of service of this order to file a motion to withdraw the unexhausted claims. In the event Petitioner does not file the motion, the Court will grant Respondent's motion to dismiss and dismiss the petition for writ of habeas corpus without prejudice.[2] This dismissal will not bar Petitioner from returning to federal court after exhausting available state remedies. However, this does not mean that Petitioner will not be subject to the one year statute of limitations imposed by 28 U.S.C. § 2244(d).  Although the limitations period is tolled while a properly filed request for collateral review is pending in state court, 28 U.S.C. § 2244(d)(2), it does not toll for the time an application is pending in federal court. Duncan v. Walker, 531 U.S. 991 (2001).

IT IS SO ORDERED.

Dated:   March 22, 2007             /s/ Dennis L. Beck
3b142a                               UNITED STATES MAGISTRATE JUDGE

---

[2] A dismissal for failure to exhaust is not a dismissal on the merits, and Petitioner will not be barred from returning to federal court after Petitioner exhausts available state remedies by 28 U.S.C. § 2244 (b)'s prohibition on filing second petitions. See In re Turner, 101 F.3d 1323 (9th Cir. 1996). However, the Supreme Court has held that:

> [I]n the habeas corpus context it would be appropriate for an order dismissing a mixed petition to instruct an applicant that upon his return to federal court he is to bring only exhausted claims. See Fed. Rules Civ. Proc. 41(a) and (b). Once the petitioner is made aware of the exhaustion requirement, no reason exists for him not to exhaust all potential claims before returning to federal court. The failure to comply with an order of the court is grounds for dismissal with prejudice. Fed. Rules Civ. Proc. 41(b).

Slack v. McDaniel, 529 U.S. 473, 489 (2000). Therefore, Petitioner is forewarned that in the event he returns to federal court and files a mixed petition of exhausted and unexhausted claims, the petition may be dismissed with prejudice.

U.S. District Court
E. D. California   cd   5