# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| ROBERT L. HUGHES, | ) | 1:06-CV-00714 DLB HC |
|       Petitioner, | ) | |
| | ) | ORDER GRANTING MOTION TO DISMISS |
|   v. | ) | AND DISMISSING PETITION WITHOUT PREJUDICE |
| | ) | [Doc. #31] |
| KEN CLARK, Warden, | ) | |
| | ) | ORDER DIRECTING CLERK OF COURT |
|       Respondent. | ) | TO ENTER JUDGMENT |
| | ) | |

    Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The parties having voluntarily consented to exercise of Magistrate Judge jurisdiction pursuant to 28 U.S.C. § 636(c)(1), by order dated March 7, 2007, this case was assigned to the undersigned for all purposes, including entry of final judgment.

    On March 22, 2007, the undersigned issued an Order granting Petitioner leave to withdraw the unexhausted claims from the petition in lieu of dismissal. On April 13, 2007, Petitioner filed a motion requesting the petition be set aside so he could return to state court to exhaust his four unexhausted claims.

    Pursuant to Rule 41(a)(1) of the Federal Rules of Civil Procedure, "an action may be dismissed by the [Petitioner] without order of court by filing a notice of dismissal at any time before

1 service by the adverse party of an answer or of a motion for summary judgment, whichever first
2 occurs, or (ii) by filing a stipulation of dismissal signed by all parties who have appeared in the
3 action. Unless otherwise stated in the notice of dismissal or stipulation, the dismissal is without
4 prejudice, . . . ." Pursuant to Rule 11 of the Rules Governing Section 2254 Cases, the "Federal Rules
5 of Civil Procedure, to the extent that they are not inconsistent with these rules, may be applied, when
6 appropriate, to petitions filed under these rules." At this time, Respondent has not filed a formal
7 answer to the petition for writ of habeas corpus.

8      Accordingly, IT IS ORDERED that the petition is DISMISSED WITHOUT PREJUDICE.
9 Petitioner is forewarned that the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA)
10 imposes a statute of limitations of one year in which a petitioner must file a federal petition for writ
11 of habeas corpus. 28 U.S.C. § 2244(d)(1). In addition, Petitioner is forewarned that in the event he
12 returns to federal court, he must file a petition with fully exhausted claims. In the event he files a
13 petition with unexhausted claims, the petition may be dismissed with prejudice. <u>Slack v. McDaniel</u>,
14 529 U.S. 473, 489 (2000).

16      IT IS SO ORDERED.
17      **Dated:**   **May 8, 2007**          /s/ **Dennis L. Beck**
                                              UNITED STATES MAGISTRATE JUDGE